John E. Bragonje
Nevada Bar No. 9519
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996
Tel: (702) 949-8200
Email: jbragonje@lrrc.com

*Attorneys for Defendant Eastgate Theatre, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| REGAL I, LLC, a Nevada limited liability company, f/k/a PEBBLE COMMERCIAL CENTER, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> EASTGATE THEATRE, INC., an Oregon corporation; DOES individuals I through X; and ROE Corporations and Organizations I through V, inclusive, <br><br> Defendants. | Case No.: 2:21-cv-00477-RFB-EJY <br><br> **DEFENDANT'S ANSWER** |

For its answer to Plaintiff Regal I, LLC's, complaint, Defendant Eastgate Theater, Inc., by and through its attorney, John E. Bragonje of Lewis Roca Rothgerber Christie LLP, hereby admits, denies, and alleges as follows:

**GENERAL ALLEGATIONS**

1. Answering Paragraph 1 of the complaint, Eastgate Theater states that it is without sufficient knowledge or information upon which to base an answer and on that basis denies each and every such allegation contained therein.

2. Answering Paragraph 2 of the complaint, Eastgate Theater admits the allegations contained therein.

3. Answering Paragraph 3 of the complaint, Eastgate Theater states that it is without sufficient knowledge or information upon which to base an answer and on that basis denies each and every such allegation contained therein.

113961520.1

4. Answering Paragraph 4 of the complaint, Eastgate Theater responds that the allegation calls for a legal conclusion and therefore no answer is required. To the extent that a response is deemed necessary, Eastgate Theater denies the claim. Eastgate Theater affirmatively alleges that because the case has been removed to the United States District Court for the District of Nevada, the Nevada State statutes on venue are inapplicable.

5. Answering Paragraph 5 of the complaint, Eastgate Theater admits the allegations contained therein.

6. Answering Paragraph 6 of the complaint, Eastgate Theater admits the allegations contained therein.

7. Answering Paragraph 7 of the complaint, Eastgate Theater states that the Lease (Exhibit 1) is a written document that speaks for itself, and therefore no response is required to the summary of it that Plaintiff offers. To the extent a response is required, Eastgate Theater denies the allegations.

8. Answering Paragraph 8 of the complaint, Eastgate Theater denies the allegations contained therein.

9. Answering Paragraph 9 of the complaint, Eastgate Theater responds that the allegation calls for a legal conclusion and therefore no answer is required. To the extent that a response is deemed necessary, Eastgate Theater denies the claim.

10. Answering Paragraph 10 of the complaint, Eastgate Theater responds that the allegation calls for a legal conclusion and therefore no answer is required. To the extent that a response is deemed necessary, Eastgate Theater denies the claim.

11. Answering Paragraph 11 of the complaint, Eastgate Theater denies the allegations contained therein.

12. Answering Paragraph 12 of the complaint, Eastgate Theater states that it is without sufficient knowledge or information upon which to base an answer and on that basis denies each and every such allegation contained therein.

13.     Answering Paragraph 13 of the complaint, Eastgate Theater states that the Exhibit 2 is a written document that speaks for itself, and therefore no response is required to the summary of it that Plaintiff offers.  To the extent a response is required, Eastgate Theater denies the allegations.

14.     Answering Paragraph 14 of the complaint, Eastgate Theater states that the Exhibit 3 is a written document that speaks for itself, and therefore no response is required to the summary of it that Plaintiff offers.  To the extent a response is required, Eastgate Theater denies the allegations.

15.     Answering Paragraph 15 of the complaint, Eastgate Theater states that it is without sufficient knowledge or information upon which to base an answer and on that basis denies each and every such allegation contained therein.  Eastgate Theater further states that the Exhibit 4 is a written document that speaks for itself, and therefore no response is required to the summary of it that Plaintiff offers.  To the extent a response is required, Eastgate Theater denies the allegations.

16.     Answering Paragraph 16 of the complaint, Eastgate Theater states that the Exhibit 5 is a written document that speaks for itself, and therefore no response is required to the summary of it that Plaintiff offers.  To the extent a response is required, Eastgate Theater denies the allegations.

17.     Answering Paragraph 17 of the complaint, Eastgate Theater states that the Exhibit 5 is a written document that speaks for itself, and therefore no response is required to the summary of it that Plaintiff offers.  To the extent a response is required, Eastgate Theater denies the allegations.

18.     Answering Paragraph 18 of the complaint, Eastgate Theater admits that it filed a pleading.  As to the allegation that Eastgate Theater's pleading "requested that the court compel mediation," Eastgate Theater states that the referenced pleading, which is not attached to the complaint, is a written document that speaks for itself, and therefore no

response is required to the summary of it that Plaintiff offers. To the extent a response is required, Eastgate Theater denies the allegations.

19. Answering Paragraph 19 of the complaint, Eastgate Theater admits the allegations contained therein.

20. Answering Paragraph 20 of the complaint, Eastgate Theater admits that a summary eviction hearing occurred on December 29, 2020. As to the allegation concerning the nature and extent of Eastgate Theater's counsel's oral argument, Eastgate Theater states that the oral argument speaks for itself, and therefore no response is required to the summary of it that Plaintiff offers. To the extent a response is required, Eastgate Theater denies the allegations.

21. Answering Paragraph 21 of the complaint, Eastgate Theater admits the allegations contained therein.

22. Answering Paragraph 22 of the complaint, Eastgate Theater denies the allegations contained therein.

23. Answering Paragraph 23 of the complaint, Eastgate Theater denies the allegations contained therein.

24. Answering Paragraph 24 of the complaint, Eastgate Theater admits the allegations contained therein.

### FIRST CLAIM FOR RELIEF

### Unlawful Detainer Pursuant to NRS 40.2512

25. Answering Paragraph 25 of the complaint, Eastgate Theater repeats and re-alleges the responses in the preceding paragraphs of this answer, above, and incorporates the same herein as if set forth in full.

26. Answering Paragraph 26 of the complaint, Eastgate Theater states that the Lease (Exhibit 1) is a written document that speaks for itself, and therefore no response is required to the summary of it that Plaintiff offers. To the extent a response is required, Eastgate Theater denies the allegations.

113961520.1

27. Answering Paragraph 27 of the complaint, Eastgate Theater states that the Lease (Exhibit 1) is a written document that speaks for itself, and therefore no response is required to the summary of it that Plaintiff offers. To the extent a response is required, Eastgate Theater denies the allegations.

28. Answering Paragraph 28 of the complaint, Eastgate Theater states that it is without sufficient knowledge or information upon which to base an answer and on that basis denies each and every such allegation contained therein. Eastgate Theater further states that the Exhibit 4 is a written document that speaks for itself, and therefore no response is required to the summary of it that Plaintiff offers. To the extent a response is required, Eastgate Theater denies the allegations. (Paragraph 28 refers to a November 10, 2020 "Seven-Day Notice to Pay Rent or Quit" as Exhibit 5, but Paragraph 15 referred to this document as Exhibit 4.)

29. Answering Paragraph 29 of the complaint, Eastgate Theater denies the allegations contained therein.

30. Answering Paragraph 30 of the complaint, Eastgate Theater denies the allegations contained therein.

## SECOND CLAIM FOR RELIEF

### Breach of Contract

31. Answering Paragraph 31 of the complaint, Eastgate Theater repeats and re-alleges the responses in the preceding paragraphs of this answer, above, and incorporates the same herein as if set forth in full.

32. Answering Paragraph 32 of the complaint, Eastgate Theater denies the allegations contained therein.

33. Answering Paragraph 33 of the complaint, Eastgate Theater denies the allegations contained therein.

34. Answering Paragraph 34 of the complaint, Eastgate Theater denies the allegations contained therein.

113961520.1

### THIRD CLAIM FOR RELIEF

### Breach of the Implied Covenant of Good Faith and Fair Dealing (Tortious)

35. Answering Paragraph 35 of the complaint, Eastgate Theater repeats and re-alleges the responses in the preceding paragraphs of this answer, above, and incorporates the same herein as if set forth in full.

36. Answering Paragraph 36 of the complaint, Eastgate Theater responds that the allegation calls for a legal conclusion and therefore no answer is required. To the extent that a response is deemed necessary, Eastgate Theater denies the claim.

37. Answering Paragraph 37 of the complaint, Eastgate Theater denies the allegations contained therein.

38. Answering Paragraph 38 of the complaint, Eastgate Theater denies the allegations contained therein.

39. Answering Paragraph 39 of the complaint, Eastgate Theater denies the allegations contained therein.

40. Answering Paragraph 40 of the complaint, Eastgate Theater denies the allegations contained therein.

### FOURTH CLAIM FOR RELIEF

### Injunctive Relief

41. Answering Paragraph 41 of the complaint, Eastgate Theater repeats and re-alleges the responses in the preceding paragraphs of this answer, above, and incorporates the same herein as if set forth in full.

42. Answering Paragraph 42 of the complaint, Eastgate Theater denies the allegations contained therein.

43. Answering Paragraph 43 of the complaint, Eastgate Theater denies the allegations contained therein.

44. Answering Paragraph 44 of the complaint, Eastgate Theater denies the allegations contained therein.

# FIFTH CLAIM FOR RELIEF

## Punitive Damages

45. Answering Paragraph 45 of the complaint, Eastgate Theater repeats and re-alleges the responses in the preceding paragraphs of this answer, above, and incorporates the same herein as if set forth in full.

46. Answering Paragraph 46 of the complaint, Eastgate Theater denies the allegations contained therein.

47. Answering Paragraph 47 of the complaint, Eastgate Theater denies the allegations contained therein.

48. Answering Paragraph 48 of the complaint, Eastgate Theater denies the allegations contained therein.

49. Eastgate Theater denies all allegations not expressly admitted

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff Pebble Commercial Center, LLC/Regal I, LLC ("Landlord") is seeking rent that is far in excess of the amount due and owing. The Ground Lease, executed November 5, 1997 ("Lease") contains *a force majeure* clause, which "excuse[s] performance of such obligations of Lessor or Tenant as are rendered impossible or reasonably impracticable to perform while such event continues." (Lease ¶ 22.7.) The "event[s]" include "acts of God . . . governmental restrictions, regulations or controls; judicial orders; ... and other causes beyond the reasonable control of the party obligated to perform." (*Id.*) Since at least March 2020, the COVID-19 pandemic has crippled much of the world's economy, including that of Nevada. As a result of federal recommendations and Nevada executive orders, movie theatres across the state have been largely forced to remain closed. Eastgate Theatre closed its doors for these reasons on March 16, 2020. It remained closed until a subsequent executive order permitted limited operation of movie theatres on August 21, 2020. Even then, theatres were only allowed to operate at 50 percent

1  capacity, with no more than 50 people per theatre.  However, continuing public
2  apprehension of the virus led to ticket sales far below those limitations.  On October 8,
3  2020, Eastgate Theatre again was compelled to close its doors, this time because the supply
4  of movies had been severely limited.  Because of greatly reduced demand caused by the
5  pandemic and the resultant government restrictions, movie studios moved numerous movie
6  release dates to 2021, or left release dates undisclosed, and only released a limited number
7  of new movies to theatres for exhibition.  Eastgate Theatre was thus left with limited new
8  releases to show while still subject to government-mandated capacity restrictions
9  compound Eastgate Theatre's financial hardship.  The COVID-19 pandemic is subject to
10 the *force majeure* clause because (1) it is an " act[] of God," (2) it led to "governmental
11 restrictions, regulations or controls; [and] judicial orders," and (3) " it was beyond the
12 reasonable control of the party obligated to perform."

## SECOND AFFIRMATIVE DEFENSE

14 The COVID-19 pandemic rendered "performance" of the Lease "impossible or
15 highly impractical by the occurrence of unforeseen contingencies."  *Nebaco, Inc. v.
16 Riverview Realty Co.,* 87 Nev. 55, 57, 482 P.2d 305, 307 (1971); *see also* Helms Constr. &
17 Dev. Co. v. State, 97 Nev. 500, 634 P.2d 1224 (1981).

## THIRD AFFIRMATIVE DEFENSE

19 Nevada law excuses certain contractual obligations when "after a contract is made,
20 a party's principal purpose is substantially frustrated . . . by the occurrence of an event, the
21 non-occurrence of which was a basic assumption on which the contract was made." *Towbin
22 v. Empire Suzuki,* No. 2:08-cv-01719, 2009 WL 10693409, at *2 (D. Nev. Aug. 5, 2009)
23 (quoting RESTATEMENT (SECOND) OF CONTRACT § 265).  The COVID-19 pandemic
24 substantially frustrated the performance of the Lease.

- 8 -

113961520.1

### FOURTH AFFIRMATIVE DEFENSE

The notices sent by Landlord, if any, pursuant to "Summary Proceedings for Obtaining Possession of Real Property, Recreational Vehicle or Mobile Home," NRS 40.215 *et seq.*, were not proper or effective because of the COVID-19 pandemic.

### FIFTH AFFIRMATIVE DEFENSE

Landlord's breach of the implied covenant claim suffers from a fatal defect: it is redundant.  It fails as insufficient because the allegations are based on the same conduct that is alleged to be the basis for establishing a separately asserted breach of contract claim. "It is well established that a claim alleging breach of the implied covenants of good faith and fair dealing cannot be based on the same conduct establishing a separately pled breach of contract claim." *Shaw v. CitiMorgtage, Inc.*, 201 F. Supp. 3d 1222, 1252 (D. Nev. 2016) (collecting cases); *see also Stebbins v. Geico Ins. Agency*, No. 2:18-cv-00590-APG-GWF, 2019 WL 281281, at *2 (D. Nev. Jan. 22, 2019); *Rosas v. GEICO Cs. Co.*, 365 F. Supp. 3d 1123, at *4 (D. Nev. 2019).

### SIXTH AFFIRMATIVE DEFENSE

Landord's claims for punitive or exemplary damages cannot be sustained because an award of punitive damages under Nevada law is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount that a jury may impose, which would violate Eastgate Theater's due process rights guaranteed by the 14th Amendment to the United States Constitution (U.S. Const. Amends. XIV) and by the due process provisions of the Nevada Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

Landlord's claims for punitive damages are barred because the acts and omissions of Eastgate Theatre, if any, fail to rise to the level required to sustain an award of punitive damages; there was no evil intent, no evidence of malicious, knowing, oppressive or fraudulent intent to deny Landlord its protected rights, if any, and no wantonness or willfulness, and thus no support for an award of punitive damages.

### EIGHTH AFFIRMATIVE DEFENSE

Alternatively, Eastgate Theater invokes all rights and remedies to which it is or may be entitled pursuant to Nevada law and federal procedural rules and laws, including, but not limited to, Landlord's burden of proving its entitlement to punitive damages by clear and convincing evidence and Eastgate Theater's right to a bifurcated trial on the issue of punitive damages. Eastgate Theater further invokes all standards and/or limitations regarding the determination and enforceability of punitive damage awards as stated in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996) and its progeny, including *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585, 60 Fed. R. Evid. Serv. 1349, 1 A.L.R. Fed. 2d 739 (2003).

### NINTH AFFIRMATIVE DEFENSE

Landlord asserts its fourth cause of action for "Injunctive Relief." But injunctive relief is a remedy, not a separate cause of action. *Luckett v. Mohamed*, 128 Nev. 914, 381 P.3d 636 (2012) (explaining that injunctive relief is a remedy, not a cause of action, and thus, a cause of action must be asserted against the party before injunctive relief may be requested against that party); *In re Wal-Mart Wage & Hour Employment Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007) (claim for injunctive relief was "not a separate cause of action" and "not an independent ground for relief"). Accordingly, Landlord's injunctive relief claim fails as a matter of law.

### TENTH AFFIRMATIVE DEFENSE

Eastgate Theater acted at all times in accordance with its contractual and legal rights.

### ELEVENTH AFFIRMATIVE DEFENSE

Eastgate Theater is informed, believes, and thereon alleges that if any contract, guarantee, obligation, or amendment, including the Lease, as alleged in the compliant on

file herein, have been entered into, any duty of performance of Eastgate Theater is excused by reason of a breach of condition precedent or a prior material breach by Landlord.

### TWELFTH AFFIRMATIVE DEFENSE

Landlord failed to mitigate the damages incurred, if any, and therefore, any recovery awarded to Landlord against Eastgate Theater should be reduced by that amount not mitigated.

### THIRTEENTH AFFIRMATIVE DEFENSE

By reason of its acts and/or conduct, Landlord has unclean hands and is not entitled to some or all of the relief sought through its complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

At all relevant times to this action, Eastgate Theater has acted in good faith, acted reasonably, and dealt fairly Landlord, and did not directly or indirectly commit or induce any act upon which liability to Eastgate Theater can be predicated.

### FIFTEENTH AFFIRMATIVE DEFENSE

Eastgate Theater alleges on information and belief, without admitting the existence of any duties or obligations as alleged in the complaint, that any duties or obligations, contractual or otherwise, which Landlord claims are owed by Eastgate Theater to Landlord have been fully performed, satisfied, or discharged.

### SIXTEENTH AFFIRMATIVE DEFENSE

The complaint, and each purported claim for relief alleged therein, is barred to the extent that Landlord had knowledge of, acquiesced in, approved of, consented to, and/or ratified some or all of the acts, conduct, or omissions alleged in the complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Eastgate Theater owed no duty to Landlord for the actions taken by Eastgate Theater alleged in Landlord' complaint because no special relationship was created between defendant and plaintiff on the basis of the Lease.

# EIGHTEENTH AFFIRMATIVE DEFENSE

All possible affirmative defenses may not have been alleged herein insofar as sufficient information was not available upon reasonable inquiry at the time of filing this answer. Eastgate Theater reserves the right to amend its answer to allege additional affirmative defenses if subsequent investigation warrants.

WHEREFORE, having fully answered Plaintiff Pebble Commercial Center, LLC/Regal I, LLC's complaint, Eastgate Theater asks this Court to:

1. Dismiss Plaintiff Pebble Commercial Center, LLC/Regal I, LLC's action with prejudice;

2. Award Eastgate Theater its costs of suit and reasonable attorney fees; and

3. Award Eastgate Theater such other and further relief as the Court deems just and equitable.

DATED this 9th day of April, 2021.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ John E. Bragonje*
JOHN E. BRAGONJE (SBN 9519)
3993 Howard Hughes Parkway,
Suite 600
Las Vegas, Nevada 89169
(702) 949-8200

*Attorneys for Defendant Eastgate Theatre, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of April, 2021, I caused a true and accurate copy of the foregoing document entitled "Defendant's Answer" to be filed with the Clerk of the Court via the CM/ECF system, which will send an electronic copy to the following:

Jeffrey R. Albregts
Krista N. Albregts
JEFFREY R. ALBREGTS, LLC
701 Shadow Lane, Suite 150
Las Vegas, Nevada 89106
jalbregts@albregtslaw.com
kalbregts@albregtslaw.com

                         /s/ Luz Horvath
                         An employee of Lewis Roca
                         Rothgerber Christie LLP